IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD G. STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-1705 |
| | ) |
| STEEL VALLEY OIC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Plaintiff Richard Street ("Street") was employed by Defendant Steel Valley OIC ("Steel Valley") for a number of years. During that period of time, he contends that he was subject to racial discrimination -- he is African-American -- in violation of § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. He also claims that he was subject to sexual harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*.

Street previously filed another action, at Docket No. 06-421. In that action, he also sought redress under 42 U.S.C. § 1981 for race discrimination for the very acts of which he complains here. He also set forth a claim under the Pennsylvania Whistleblower Law, 43 P.S. § 1421 *et seq*. Following the filings of multiple dispositive

1

Motions, I granted summary judgment in favor of Steel Valley on the Whistleblower claim. I also granted Street an additional period of time within which to effectuate proper service, as he had repeatedly struggled in this regard. Thereafter, Street filed an Amended Complaint and, then, never having properly served the Defendants, he filed a Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2). See Docket No. 51-1 in Civil Action No. 6-421. I granted that Motion. He subsequently commenced this action, asserting the Title VII claim and later filing an Amended Complaint which included the § 1981 claim previously voluntarily dismissed in the earlier litigation.

Steel Valley has now filed a Motion to Dismiss and Motion to Dismiss To Be Treated As A Motion For Summary Judgment Based On Evidence Outside The Pleadings (see Docket No. [16]) in this action. More specifically, Steel Valley seeks the dismissal of all claims based upon Street's repeated failures to abide by this Court's previous Orders in the earlier litigation at Civil Action No. 06-421. Steel Valley also seeks the dismissal of the claims asserted under the PHRA based upon Street's failure to allege that he exhausted his administrative remedies. Finally, Steel Valley seeks the entry of summary judgment in its favor on Street's claims under Title VII based upon the contention that it is not subject to Title VII because it did not employ the requisite number of employees.

Significantly, Street did not file a Brief in Opposition. Counsel for Street attended a Conference on March 8, 2007 during which counsel for Steel Valley made it clear that Steel Valley intended to file a dispositive motion on these issues. Street

was instructed at that conference to file a Brief in Opposition no later than April 16, 2007 and was further informed that no extensions would be permitted. See Docket No. [14]. Nevertheless, when Street requested an extension, I granted one and gave Street until May 7, 2007 to file a response. See Docket No. [31]. No response was forthcoming.

## ANALYSIS

I. Dismissal Of All Claims - Based Upon Conduct In Prior Litigation[1]

Steel Valley urges that it "is entitled to have all claims against it dismissed with prejudice because of Plaintiff's repeated failures of procedure." See Docket No. [17], p. 7. The "failures of procedure" to which Steel Valley refers occurred in Civil Action No. 06-421. Certain of the claims raised in this action were not raised in the previous litigation. Accordingly, even were I inclined to consider Street's conduct in prior litigation a basis for dismissing, with prejudice, claims in this litigation, Steel Valley's request that all claims be dismissed is far too extreme.

---

[1] In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

Additionally, to the extent that Steel Valley now has to defend against the § 1981 claim in this litigation which was previously at issue in the prior litigation, let me state that I am empathetic with its frustrations.  The earlier case was poorly managed by counsel for Street.  Perhaps this Court was too lenient with granting additional periods of time within which to perfect service.  Yet the docket demonstrated that Street had attempted service in good faith, but had simply served the wrong individual.  Thus, I was convinced that the failure to properly serve was not simply an attempt to delay litigation.  Further, even had I dismissed the prior litigation under Rule 4m of the Federal Rules of Civil Procedure, such dismissal would have been <u>without prejudice</u>.  Finally, again, while I understand Steel Valley's frustrations, the Federal Rules do encourage waiver of service of process and Steel Valley could have exercised this option, thus minimizing the costs associated with Civil Action No. 06-421.

At any rate, Steel Valley has not convinced me that it has suffered anything more egregious than frustration occasioned by the service issues associated with the prior litigation.  Certainly it has not suggested that the statute of limitations expired on the § 1981 claim and that permitting Street to incorporate that claim in this litigation somehow unfairly exposed it to liability. Consequently, the Motion to Dismiss all claims based upon Street's conduct in the prior litigation is denied.

II. <u>PHRA Claim - Exhaustion of Remedies</u>[2]

In Count III of the First Amended Complaint, Street asserts a claim under the

---

[2] The Motion to Dismiss standard set forth above is applicable to this analysis as well.

PHRA. Steel Valley insists that the claim be dismissed based upon the contention that Street has not alleged that the PHRC dismissed his administrative complaint or that more than one year has passed since the filing of his administrative complaint. I have reviewed the First Amended Complaint and find that Street alleges that he:

> timely exhausted his administrative remedies by filing charges with the U.S. Equal Employment Opportunity Commission that were cross-filed with the Pennsylvania Human Relations Commission. Plaintiff has filed the instant suit within 90 days of receipt of Right to Sue letters.

See First Amended Complaint, ¶ 4. Street later contends, when referencing the filing of the EEOC and the cross-filing with the PHRC, that he received letters "dismissing the charges." See First Amended Complaint, ¶ 12. These allegations, all of which are incorporated in the PHRA claim, satisfy Street's pleading requirements regarding the exhaustion of administrative remedies. Consequently, the Motion to Dismiss is denied.

III. Title VII Claims[3]

---

[3] Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-

Street has asserted claims under Title VII. Only those employers who have had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year are subject to liability under Title VII. See 42 U.S.C. § 2000e-b and Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1239 (2006). Steel Valley has submitted documentary evidence indicating that it did not employ more than fifteen employees during the relevant period of time. See Docket No. [19]. Significantly, despite ample opportunity, Street has not submitted any evidence in opposition. Accordingly, the only evidence before me establishes, without dispute, that Steel Valley is not an "employer" within the meaning of Title VII and thus is not subject to liability.

The Motion for Summary Judgment is granted.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER OF COURT

AND NOW, this **16th** day of May, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motion (Docket No. [16]) is granted in part and denied in part. It is granted insofar as summary judgment is granted in the Defendant's favor on Plaintiff's Title VII claims. It is denied in all other respects.

---

movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

The parties are reminded that discovery is scheduled to close on July 8, 2007 in accordance with the Case Management Order. See Docket No. [15]. Further, given that at least one of the remaining claims (the § 1981 claim) was asserted in a prior litigation and because the matters for discovery have as a result of this Opinion been narrowed, no discovery extensions will be permitted.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge